# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>2003 BMW 745LI,<br>VIN: WBAGN63463DR11218,<br>LICENSE: 5EUE994;<br>and<br>APPROXIMATELY $56,500.00 IN U. S. CURRENCY<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00461-AWI-SMS<br><br><br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THE GRANT OF THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT**<br><br><br><br>(Doc. 54) |

　　　In this civil forfeiture action, Plaintiff United States of America ("Government") seeks (1) default judgment against the interests of Kulwant Lasher, Tarlochan Lasher, and Jaswinder Lasher in approximately $56,500.00 in United States currency and one 2003 BMW 745LI (the "defendant property") and (2) entry of a final forfeiture judgment to vest in the Government all right, title and interest in the defendant property.  The Government's motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19) and is considered in accordance with Local Rule A-540(d).

　　　This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h).  Having considered all written materials submitted, the undersigned recommends that the District Court grant the Government's motion.

I.  **FACTUAL BACKGROUND**[1]

In 2003, the Internal Revenue Service ("IRS") audited Lasher Brothers Trucking, Inc. ("LBTI"), an entity owned and operated by Kulwant Lasher, Tarlochan Lasher, and Jaswinder Lasher (collectively referred to as the "Lasher Brothers"). LBTI owed approximately $750,000 in back payroll taxes. Although the IRS directed LBTI to make payments to become current with its payroll tax obligations, LBTI never entered into a payment plan nor became current on its payroll tax obligations. By May 2006, when IRS agents interviewed Tarlochan Lasher and Jaswinder Lasher on suspicion of money laundering, LBTI owed $2.1 million in back payroll taxes, penalties, and interest.

The United States Department of the Treasury, Office of the Treasury Inspector General for Tax Administration ("TIGTA") received information that one of the Lasher Brothers had offered $200,000 and a valuable rug in an attempt to bribe an IRS employee to abate LBTI's tax liabilities. In September 2006, TIGTA initiated an investigation. Thereafter, from October 12, 2006, through August 31, 2007, the Lasher Brothers continued to bribe IRS employees.

In a meeting regarding LBTI's liabilities held on or about October 30, 2006, Kulwant Lasher told an undercover revenue officer ("RO"), "You take care of me specially and we will take care of you." On November 30, 2006, when the RO asked Kulwant Lasher what he meant by "being taken care of," Kulwant Lasher explained that he could pay the taxes but that he wanted "relief." When the RO asked if Kulwant Lasher wanted to find out what the RO could do for him, Kulwant Lasher replied affirmatively, suggesting a nice lunch followed by a trip to Hawaii.

On December 11, 2006, Kulwant Lasher requested that the RO abate all penalties and interest due in exchange for a split of any taxes abated on a fifty-fifty basis. Kulwant Lasher explained that if the RO could reduce LBTI's tax liability from $1.2 million to $600,000, Kulwant Lasher would pay the RO $300,000. Kulwant Lasher gave the RO $2000 cash on December 13, 2006; $1500 cash on February 7, 2007; and $1000 cash on February 21, 2007. Tarlochan Lasher
///

---

[1] These facts were derived from Plaintiff's amended complaint and from the memorandum of points and authorities supporting this motion.

also attended the February 21, 2007 meeting, at which he indicated that he agreed with his brother Kulwant Lasher's proposal.

On or about April 18, 2007, the Lasher Brothers on behalf of LBTI signed eighteen abatement documents covering the first quarter of the 2003 tax year through the second quarter of the 2007 tax year. Kulwant Lasher gave the RO a package containing $8000, and Tarlochan Lasher gave the RO $25,000. On May 7, 2007, Kulwant Lasher gave the RO $17,000 and an IRS delinquency notice that he had received in the mail.

On or about August 28, 2007, the RO complained that although LBTI's tax liability was almost $2.5 million, the Lasher Brothers had not completed their part of the bargain since they had paid the RO only $54,500. Kulwant Lasher then gave the RO $2000, explaining that it was for the RO's bank account, not for the IRS. On August 29, 2007, Kulwant Lasher offered the RO the defendant vehicle and the deed to his residence at 643 Sandhill Crane Drive, Los Banos, California. On or about August 31, 2007, Kulwant Lasher gave the RO a signed quitclaim deed to his residence, an agreement to sell the defendant vehicle, and the key to the defendant vehicle.

On October 18, 2007, a Grand Jury in the Eastern District of California indicted Kulwant Lasher, Tarlochan Lasher, and Jaswinder Lasher for violations of 18 U.S.C. § 371 (conspiracy);18 U.S.C §§ 201(b)(1)(C) and 2 (bribery of a public official, and aiding and abetting).

On October 31, November 7 and 14, 2007, the IRS published notice of nonjudicial forfeiture of the defendant property in the *Merced Sun-Star*, Merced, California.

## II. PROCEDURAL HISTORY

This is a civil action *in rem* to forfeit to the United States of America (1) a 2003 BMW 745LI automobile and (2) approximately $56,500 in U.S. currency ("defendant property"). Because the defendant property was used or intended to be used to further the Lasher Brothers' scheme to bribe a United States official in violation of 18 U.S.C. § 201, it is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C). On April 1, 2008, the Government filed its complaint for forfeiture in rem.

///

///

On April 2, 2008, based on the allegations of the amended complaint, the Clerk of the Court issued a Warrant for Arrest of Articles In Rem for the Defendant Property. The warrant was returned executed on June 9, 2008.

On April 2, 2008, this Court authorized publication of the forfeiture action in The Business Journal, Fresno, California. According to the Government's Declaration of Publication, filed June 9, 2008, a Notice of Arrest and Seizure was published on May 16, 2008.

On April 4, 2008, copies of the Complaint, Application and Order for Publication, Warrant for Arrest, Order Setting Mandatory Scheduling Conference, Notice of Availability of a Magistrate Judge, Notice of Availability of Voluntary Dispute Resolution , and notice of forfeiture letter dated April 4, 2008, were served by first-class mail on Anthony P. Capozzi, defense counsel for Kulwant Lasher; Carl M. Faller, defense counsel for Tarlochan Lasher; and Roger Nuttall, defense counsel for Jaswinder Lasher. On May 8, 2008, Jaswinder Lasher filed a verified claim to the $56,5000 in currency. On May 9, 2008, Kulwant Lasher filed a claim to the defendant property. Kulwant Lasher, Tarlochan Lasher, and Jaswinder Lasher, were each personally served on June 2, 2008.

On June 25, 2008, the Court stayed this action pending conclusion of the federal criminal action against Kulwant Lasher and Jaswinder Lasher.

As part of the Government's Requests for Entry of Default, the United States Attorney declared under penalty of perjury that on information and belief, none of the Lasher Brothers was in the military service or was an infant or incapacitated person.

In the corresponding criminal action, Kulwant Lasher and Tarlochan Lasher both pleaded guilty and were convicted of conspiracy to bribe a public official. As part of their plea agreements, both Kulwant Lasher and Tarlochan Lasher admitted giving the defendant property to the RO pursuant to the bribery scheme. The indictment against Jaswinder Lasher was dismissed pursuant to Kulwant Lasher's and Tarlochan Lasher's plea agreements.

The Court lifted the stay on May 6, 2011. The Clerk entered default against Tarlochan Lasher on May 9, 2011. On June 16, 2011, Kulwant Lasher voluntarily withdrew his answer and claim in this case. On June 30, 2011, Jaswinder Lasher voluntarily withdrew his answer and

claim. On July 22, 2011, the Clerk entered default against Kulwant Lasher and Jaswinder Lasher. On July 26, 2011, the Government filed its Motion for Default Judgment against the Lasher Brothers.

**III.  Discussion**

    **A.  Sufficiency of the Complaint**

The Government contends that the allegations set forth in the verified complaint for Forfeiture In Rem and the cited facts provide ample grounds for forfeiture of the defendant property. A complaint's sufficiency is one factor for consideration in deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) if was used or intended to be used in furtherance of a scheme to bribe a federal official.

The complaint meets the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in that it is verified; states the grounds for subject matter jurisdiction, in rem jurisdiction, and venue; describes the property seized and the circumstance of its seizure; and identifies the relevant statutes. In the absence of assertion of interests in the defendant property, this Court is not in a position to question the facts supporting its forfeiture. As alleged, the facts set forth a sufficient connection between the defendant property and illegal activity to support a forfeiture.

**II.  Notice Requirements**

The Fifth Amendment's Due Process Clause prohibits the Government from taking property without due process of law. Individuals whose property interests are at stake are entitled to notice and an opportunity to be heard. The requisite notice was provided to the Lasher Brothers.

    **A.  Notice by Publication**

Supplemental Rule G(4) provides that the Government mus publish notice within a reasonable time after the complaint has been filed. Local Admiralty and In Rem rules further provide that the Court shall designate by order the appropriate vehicle for publication. Local Rules A-530 and 83-171. On April 2, 2008, this Court authorized publication of the forfeiture

action in The Business Journal, Fresno, California. According to the Government's Declaration of Publication, filed June 9, 2008, a Notice of Arrest and Seizure was published on May 16, 2008. Accordingly, the Government satisfied the requirements for notice to the Lasher Brothers by publication.

### B.   Personal Notice

When the Government knows the identity of the property owner, due process requires "the Government to make a greater effort to give him notice than otherwise would be mandated by publication." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (*quotations omitted*). *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it"). "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1197 (11th Cir. 2005).

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant. Local Rule A-540 also requires that a party seeking default judgment in an action in rem demonstrate to the Court's satisfaction that due notice of the arrest of the property has been given both by publication and by personal service of the person having custody of the property, or if the property is in the hands of a law enforcement officer, by personal service on the person who had custody of the property before its possession by a law enforcement agency or officer. Notice must also be provided by personal service or certified mail, return receipt requested, on every other person who has appeared in the action and is known to have an interest in the property, provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to provide notice without success. L.R. A-540(a). Notwithstanding the Supplemental Rules and L.R. A-540(a), the Government provides sufficient notice when the notice complies with the requirements

of F.R.Civ.P. 4. *See* F.R.Civ.P. 4(n)(1) (providing that when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule").

Here, the Government personally served each of the Lasher Brothers with the complaint, arrest warrant, publication order, and other related documents on June 2, 2008. In addition, all requisite documents were also served by mail on each Lasher Brother's defense attorney. Accordingly, each of the three Lasher Brothers received actual notice.

### C. Failure to File Claim or Answer

Supplemental Rule G(5) requires any person who asserts an interest in or right against the defendant property to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice. Supplemental R. G(4)(b) & (5). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action. *Real Property*, 135 F.3d at 1317. As detailed above, although Kulwant Lasher and Jaswinder Lasher each originally filed answers and claims in this action, each withdrew his answer and claim as part of his plea bargain in the corresponding criminal action. Accordingly, the Clerk appropriately entered default against Kulwant Lasher and Jaswinder Lasher.

### D. Default Judgment

The Government seeks judgment against the interests of Kulwant Lasher, Tarlochan Lasher, and Jaswinder Lasher, and final forfeiture judgment to vest in the Government all right, title and interest in the defendant property. The Supplemental Rules do not set forth a procedure to seek default judgment in rem. Supplemental Rule A provides, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter

///

the party's default." F.R.Civ.P. 55(a). Generally, the default entered by the clerk establishes a defendant's liability.

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.
>
> *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (*internal citations and quotation marks omitted*).

As noted above, the Government properly obtained entries of default against the interests of each of the three Lasher Brothers. There is no impediment to default judgment sought by the Government against them. The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title, and interest in the defendant property. "A judgment in rem affect the interests of all persons in designated property . . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958). Because of the Lasher Brothers' defaults, the Government is entitled to a final forfeiture judgment.

## RECOMMENDATIONS

In light of the reasons discussed above, this Court recommends that

1. The District Court grant Plaintiff United States of America default judgment against the interests of Kulwant Lasher, Tarlochan Lasher, and Jaswinder Lasher;

2. The Clerk of Court enter final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the defendant property; and

3. The District Court order Plaintiff United States of America, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and the order adopting them.

///

These findings and recommendations are submitted to District Judge Anthony W. Ishii pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72-304.  Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specific time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:   September 6, 2011                    /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE